UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN CARLAN, on behalf of
himself and those similarly situated,

   Plaintiff,

v.            CASE NO. 3:11-cv-00096-J-34JBT

PATRIOT RESIDENTIAL PARTNERS,
LLC, etc., et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion to Approve Settlement Agreement ("the Joint Motion") (Doc. 14), as supplemented by the Joint Notice in Further Support of Joint Motion to Approve Settlement Agreement ("the Joint Notice") (Doc. 16).[2] The Court has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons stated herein, the Court recommends that the Joint Motion be granted and the settlement be approved.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Pursuant to the Court's Order of Administrative Closure and Reference, the undersigned shall prepare a report and recommendation "as to whether [the parties' proposed] settlement is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues." (Doc. 13 (citation omitted).)

**I.     Introduction**

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*[3] (Doc. 1.) Plaintiff, Steven Carlan, seeks to recover overtime compensation, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and declaratory relief. (*Id.*) Defendants denied, and continue to deny, that Plaintiff was entitled to any of the damages or relief sought, asserting that "Plaintiff was properly classified as exempt, pursuant to the FLSA's 'white collar' exemptions." (Doc. 14.)

On April 5, 2011, the parties executed a Settlement Agreement and Release, providing that Defendants would pay the total sum of $7,800.00, which represents $1,900.00 (less all lawful deductions) payable to Plaintiff as unpaid wages, $1,900.00 payable to Plaintiff as liquidated damages, and $4,000.00 payable to Plaintiff's attorney for attorney's fees and costs. (Doc. 14-1.)

On April 11, 2011, the parties filed the Joint Motion, in which the parties state that they "agree that the settlement reached is a fair and reasonable compromise of Plaintiff's claims." (Doc. 14.) The parties further state that they "negotiated the attorney's fees and costs separately and independently of Plaintiff's underlying damages," in accordance with *Bonetti v. Embarq Management Company*, 715 F. Supp.

---

[3] Although Plaintiff filed this case "on behalf of himself and those similarly situated" (Doc. 1), the record reflects that Plaintiff has not established that the proposed class is similarly situated, *see* 20 U.S.C. § 216(b); *see also Simpkins v. Pulte Home Corp.*, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individual has joined in this case as a party.

2d 1222 (M.D. Fla. 2009). (*Id.*)

On April 21, 2011, the parties supplemented the Joint Motion by filing the Joint Notice. (Doc. 16.) The parties explained that, "[b]ased on informal discovery," Plaintiff had initially sought $3,800.00 as unpaid overtime wages. (*Id.*) The parties provided explanations for the compromise ultimately reached. They explained that "the overtime hours worked by Plaintiff were less than the 8 hours per week originally claimed." (*Id.*) They also reiterated their continuing disagreement over Plaintiff's classification as exempt or non-exempt. (*Id.*) Finally, the parties filed Plaintiff's attorney's time and cost records for the Court's review. (Docs. 16-1, 16-2, 16-3 & 16-4.)

Upon review of the proposed settlement, the Court finds that it represents "a fair and reasonable resolution of a bona fide dispute over FLSA issues." In regard to attorney's fees and costs, the parties complied with *Bonetti*, the proposed settlement appears reasonable on its face, and there is no reason to believe that Plaintiff's recovery was adversely affected. Accordingly, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs. Moreover, the Court finds that Plaintiff's attorney is being adequately compensated. For these reasons, the undersigned recommends that the Joint Motion be granted and the settlement be approved.

**II.  Standard**

Section 216(b) of the FLSA provides in part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

3

reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was

4

> agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228. Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-CV-01204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III. Analysis

In this case, the parties represent and agree that there is a bona fide dispute as to whether Plaintiff was fully compensated for his overtime hours worked. (Docs. 14 & 16.) The parties agree that the settlement reached represents a reasonable compromise of the disputed issues. (Doc. 14.) With respect to Plaintiff's unpaid wages and liquidated damages, a compromise was reached because there was a question whether Plaintiff was exempt from the FLSA. (*Id.*) Moreover, the amount Plaintiff initially sought as unpaid wages—$3,800.00—appears to have been based on the mistaken premise that he worked 8 overtime hours per week. (Doc. 16.) The parties agree that, in fact, Plaintiff worked less than 8 overtime hours per week. (*Id.*)

The Court has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.

*Lynn's Food*, 679 F.2d at 1355. There are bona fide disputes regarding whether Plaintiff was exempt from the FLSA, and over the amount of overtime worked. In addition, Plaintiff is represented by an attorney. In light of these circumstances, the Court finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354. This finding is, however, subject to revision based on the Court's analysis of the attorney fee issues.

Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, because the parties complied with *Bonetti*, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to his counsel.

The Court has already concluded that the settlement appears reasonable. In addition, the Court does not believe the compromise over Plaintiff's recovery was adversely affected by the attorney's fee agreed upon. First, the Court has inspected the time records submitted as attachments to the Joint Notice, and concludes that the number of hours spent by Plaintiff's attorney (11) and by the paralegal (5.1) are reasonable. (*See* Docs. 16-2 & 16-3.)

Second, the Court has on prior occasions awarded Plaintiff's attorney $250.00

per hour, and his paralegals $95.00 per hour, after carefully scrutinizing those rates for reasonableness. *See* Order, *Delahunty v. Aerotek, Inc.*, 3:09-cv-1247-J-25JBT (M.D. Fla. Feb. 24, 2011); *Cohen v. Goodyear Tire & Rubber Co.*, 2009 WL 3790292, at *1 (M.D. Fla. Nov. 9, 2009). Therefore, $2,750.00 ($250.00 x 11 hrs) would presumptively be a reasonable amount for attorney's fees in this case, and $484.50 ($95.00 x 5.1 hrs) would presumptively be a reasonable amount for paralegal's fees. Plaintiff's counsel has documented $531.46 in litigation expenses, $515.00 of which is for the filing fee and process server fees. (Doc. 16-4.) Summing these amounts yields $3,765.96—the approximate amount the Court would likely approve if the parties had not complied with *Bonetti*, and the Court were engaging in an in-depth analysis of the reasonableness of the fees and costs.

Pursuant to the parties' proposed settlement, Plaintiff's counsel will receive the lump sum of $4,000.00 for attorney's fees, paralegal's fees, and costs. (*See* Doc. 14-1.) Thus, the amount Plaintiff's counsel will receive under the settlement agreement is slightly above the amount the Court would likely approve if the parties had not complied with *Bonetti* by negotiating attorney's fees and costs separately from Plaintiff's recovery. This small discrepancy does not cause the Court any concern that Plaintiff's recovery was adversely affected by the attorney fee recovery given the compliance with *Bonetti*.[4]

Therefore, it is respectfully **RECOMMENDED** that:

1.  The Joint Motion (**Doc. 14**) be **GRANTED**.

---

[4] Moreover, as the foregoing analysis shows, Plaintiff's attorney is being adequately compensated.

2. The Settlement Agreement and Release (**Doc. 14-1**) be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court be **DIRECTED** to close the case.

**DONE AND ORDERED** at Jacksonville, Florida, on May 17, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record