**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVEN CARLAN, on behalf of himself
and those similarly situated,

                Plaintiff,

v.                                          Case No. 3:11-cv-96-J-34JBT

PATRIOT RESIDENTIAL PARTNERS,
LLC, et al.,

                Defendants.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Magistrate Judge Joel B. Toomey's Report and Recommendation (Dkt. No. 17; Report), entered on May 17, 2011, recommending that the Joint Motion to Approve Settlement Agreement (Dkt. No. 14; Joint Motion) be granted, and that this case be dismissed with prejudice. See Report at 7-8. Neither party has filed an objection to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United


States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

The Court has conducted an independent examination of the record in this case and a de novo review of the legal conclusions. Plaintiff filed suit against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), seeking recovery of unpaid overtime. See Complaint and Demand for Jury Trial (Dkt. No. 1). Thereafter, the parties engaged in settlement negotiations, which resulted in a resolution of the issues and claims raised in this case. See Joint Motion (Dkt. No. 14). Upon review of the record, including the Report, Joint Motion, and Settlement Agreement and Release, the undersigned concludes that the settlement represents a "reasonable and fair" resolution of Plaintiff's FLSA claim.[1] Accordingly, the Court will accept and adopt the recommended resolution set forth in Judge Toomey's Report.

In light of the foregoing, it is hereby **ORDERED:**

1. The recommended resolution set forth in Magistrate Judge Joel B. Toomey's Report and Recommendation (Dkt. No. 17) is **ADOPTED**.

---

[1] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

2. The Joint Motion to Approve Settlement Agreement (Dkt. No. 14) is **GRANTED**.

3. For purposes of satisfying the FLSA, the Settlement Agreement and Release is **APPROVED**.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of June, 2011.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record